UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH RAAB,

        Plaintiff,

                                         File No.  1:12-CV-642

v.

                                         HON. ROBERT HOLMES BELL

NATIONWIDE COLLECTION
AGENCIES, INC., d/b/a MONEY
RECOVERY NATIONWIDE,

        Defendant.

_____/

### O P I N I O N

This action is before the Court on Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 5.)  For the reasons that follow, Defendant's motion will be granted.

### I.

Plaintiff Elizabeth Raab filed this action against Defendant Nationwide Collection Agencies, Inc. d/b/a Money Recovery Nationwide ("Nationwide"), seeking relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901 *et seq.*

Defendant has moved for dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). The Federal Rules require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8's notice pleading standard "does not require 'detailed factual allegations,' but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action.  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 ( 2012) (quoting *Iqbal*, 556 U.S. at 677).

Plaintiff's complaint contains very little factual content. Plaintiff's complaint is, for the most part, a formulaic recitation of the definitions and prohibitions contained in the FDCPA and the MOC. Plaintiff has alleged that she is a consumer as defined by the FDCPA and the MOC, that Defendant is a debt collector or collection agency as defined by the FDCPA and the MOC, and that the alleged debt is a claim or a debt within the meaning of the FDCPA and the MOC. (Compl. ¶¶ 4-6.) Plaintiff has not identified the debt, when it arose, or even what kind of debt was involved. (*See* Compl. ¶ 6 (alleging that the debt and/or claim falls within the FDCPA and the MOC because it is "an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes").) Plaintiff has not identified what means Defendant used in attempting to collect the debt, nor has she identified when or how many times Defendant attempted to collect the debt, other than to state when the contacts began. (Compl. ¶ 8.)

The only allegations that incorporate any factual content are found in paragraphs 8-11:

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about December of 2011 or January of 2012 in attempts to collect the aforementioned alleged debt.

9. Defendant's agent, representative and/or employee threatened to garnish Plaintiff's wages if alleged debt was not paid in full.

10. However, Defendant has not filed a lawsuit against Plaintiff in an attempt to collect the alleged debt and thus has no standing to garnish Plaintiff's wages.

11. Defendant failed to send Plaintiff notice regarding the alleged debt, as required by 15 U.S.C. § 1692g(a).

(Compl. ¶¶ 8-11.) Based solely on these facts, Plaintiff alleges that Defendant violated the

FDCPA and the MOC as follows:

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

a. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

b. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

d. Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g; and

e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

. . .

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the Michigan Occupational Code in one or more of the following ways:

a. Representing or implying that nonpayment of the alleged debt would

4

result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of M.C.L. § 339.915(f)(iii);

b.  Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of M.C.L. § 339.915(f)(i);

c.  Failing to provide the notice to Plaintiff which is required by M.C.L. § 339.918; and

d.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the Michigan Occupational Code.

(Compl. ¶¶ 12, 15.)

The statutory violations alleged are simply a formulaic recitation of the prohibitions contained in the statutes.  Plaintiff has not alleged what Defendant said or did to represent or imply that Defendant was an attorney or was communicating on behalf of any attorney; what Defendant said or did to represent or imply that nonpayment of the debt would result in unlawful garnishment or garnishment that was not intended; what Defendant said or did to threaten to take action that could not legally be taken and /or that was not intended to be taken; what required notice Defendant failed to provide; or what Defendant said or did to act in an otherwise deceptive, unfair, and unconscionable manner.

Based on the meager factual allegations in paragraphs 8-11, it appears that the gravamen of Plaintiff's complaint is that Defendant threatened to garnish Plaintiff's wages if the subject debt was not paid in full, and that Defendant made this threat before filing a lawsuit or obtaining a judgment.  This allegation is not sufficient to state a claim to relief that is plausible on its face.  The allegation that Defendant threatened to garnish Plaintiff's wages

5

before obtaining a judgment raises the possibility that Defendant might impermissibly attempt garnishment without first obtaining a valid judgment against Plaintiff on the underlying debt.  However, the same allegation also raises the possibility that Defendant intended to lawfully garnish Plaintiff's wages after obtaining a judgment on the underlying debt.  In other words, Plaintiff's allegations, while consistent with liability, are equally consistent with nonliability.  Thus, the pleadings fail to raise Plaintiff's claims from the merely possible to the plausible.  *See McSorely v. Merchs. & Med. Credit Corp.*, Case No. 1:10-CV-1115 (W.D. Mich. Apr. 30, 2012) (holding that threadbare allegations that merely state a possible claim under the FDCPA fall short of making a plausible claim).

Plaintiff responds that while it is "possible" that the original creditor may have intended to file a lawsuit against the Plaintiff for the underlying debt, it would be impossible for Defendant to file such a suit because Defendant is neither a law firm nor the original creditor.  Plaintiff contends that Defendant was clearly trying to imply that it possessed the potential and authority to garnish Plaintiff's wages when, even with a judgment on the underlying debt, Defendant did not possess any ability to garnish wages because it was neither a law firm nor the original creditor.

Although Plaintiff has suggested the possibility that Defendant did not have authority to carry out the threat of garnishment, Plaintiff has not alleged that Defendant lacked the ability, on behalf of its client, to forward the claim to outside counsel for suit.  Plaintiff's threadbare allegations suggest a possible claim, but they lack sufficient factual allegations

to rise to the level of a plausible claim.  Plaintiff has failed to plead sufficient factual content that would allow the Court to draw the reasonable inference that Defendant lacked the ability or intention to commence a debt collection lawsuit on behalf of its client.

Plaintiff has alleged that Defendant failed to provide notice regarding the alleged debt, as required by the FDCPA and the MOC.  (Compl. ¶¶ 11, 12(d), 15(c).)  Plaintiff's allegations regarding the lack of notice merely parrot the statutory language.  Plaintiff's threadbare allegations are devoid of any factual enhancement.  The formulaic recitation of the statutory language is not sufficient to meet the *Twombly-Iqbal* pleading standard.  *See Iqbal*, 556 U.S. at 678.

Plaintiff's complaint contains nothing more than labels, conclusions, and formulaic recitations of the elements of a cause of action under the FDCPA and the MOC.  Plaintiff has not alleged sufficient factual content to allow the Court to draw the reasonable inference that the Defendant has made any misrepresentations in its communications with Plaintiff that would subject it to liability under the FDCPA or the MOC.  Plaintiff has not alleged sufficient factual matter to nudge its claims across the line from conceivable to plausible. *See Twombly*, 550 U.S. at 570.  Because Plaintiff's complaint is not sufficient to meet the *Twombly-Iqbal* pleading standard, Defendant's motion to dismiss will be granted.

An order and judgment consistent with this opinion will be entered.


Dated: <u>January 3, 2013</u>                          <u>/s/ Robert Holmes Bell</u>
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE